813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Randy JOHNSON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 85-2194.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1986.
Decided Sept. 11, 1986.
 
 Before WINTER, Chief Judge, and WIDENER and HALL, Circuit Judges.
 John Klein (C. Arthur Rutter, Jr.; Breit, Rutter & Montagna, on brief), for appellant.
 Larry W. Shelton, Assistant United States Attorney (Justin W. Williams, United States Attorney; Donna M. Briggs, Office of Counsel, Norfolk Naval Shipyard, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Plaintiff Randy Johnson, an employee of Metro Machine Company, was seriously injured in a fall while working as a ship repairman aboard the United States Navy vessel IWO JIMA. Working on the unlighted flight deck after midnight on the night of January 15, 1985, Johnson fell approximately 50 feet to the hangar deck below, severely fracturing his left leg. Johnson brought suit against the United States, alleging negligence on the part of the Navy for failing to turn on the available lights.
 
 
 2
 At trial, the Navy conceded that it could have turned on the lights and stated that it would have done so had it known that repair crews were working on the flight deck. Thus, the dispositive question in the litigation was whether the Navy reasonably had notice that Metro employees would be working on the flight deck on the night of the injury. The district court found that the Navy did not have such notice and could not be held liable for Johnson's injury. We affirm.
 
 
 3
 Negligence is defined as an act or omission that creates an unreasonable risk of harm. Restatement (Second) of Torts Sec. 282 (1965). Generally, the risk of harm is not unreasonable, and the conduct that gives rise to the risk is not negligent if the injury that results is not reasonably foreseeable. Gill v. Hango Ship-Owners/AB, 682 F.2d 1070, 1074 (4 Cir.1982), citing Whorton v. J.A. Loving & Co., 344 F.2d 739, 746 (4 Cir.1965).
 
 
 4
 Here, the foreseeability of the injury depends on whether the Navy knew or reasonably should have known that Metro employees would be working on the flight deck after dark. At the arrival conference on the afternoon of January 15, 1985, representatives of Metro and the Navy discussed the work to be performed and the schedule. Although Metro officials advised the Navy that a second shift would work aboard the vessel after dark, they did not indicate that any work would be performed on the flight deck. At that time, the Navy had not yet identified those portions of the flight deck requiring repair; it contemplated that Metro would first perform its work on other sections of the ship. Nonetheless, Lieutenant Thomas Lonigan, the command duty officer of the USS IWO JIMA, made three inspections of the flight deck at approximately 6:00 p.m., 8:00 p.m., and 11:00 p.m. on the night of the accident. No work was being performed on the flight deck at those times.
 
 
 5
 The only evidence not directly contradicted suggesting that the Navy had notice of work on the flight deck consisted of Johnson's testimony, corroborated in part by his coworker Wendell Sutton, that Johnson asked the quarterdeck watch for directions to the flight deck upon boarding the vessel late on the night of January 15. The watch officer did not testify because, at the time of trial, the IWO JIMA was at sea, and the Navy was surprised by Johnson's testimony. In rejecting this testimony, the district judge stated that he did not find it credible, partly because Sutton, who had accompanied Johnson, admitted on cross-examination that he knew the way to the flight deck and did not need additional directions. Sutton also admitted that he and Johnson were friends of long acquaintance, and the judge may have felt that his corroboration of Johnson's account was tainted by bias. Finally, the district judge had previously found Johnson's testimony with regard to the condition of the elevator apparatus not to be credible in light of conflicting physical evidence and testimony. Thus, the district judge had before him adequate reasons to doubt that Johnson had in fact indicated to the watch officer that he and his colleagues would be working on the flight deck. The district judge's credibility determination should therefore not be disturbed.
 
 
 6
 It is manifest that the finding that the Navy did not have notice that Metro employees would be working on the flight deck on the night of Johnson's fall is unassailable and hence the Navy cannot be liable for failing to provide proper lighting.
 
 
 7
 AFFIRMED.